NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAKIM THOMAS, | |
| Petitioner, | Civil Action No. 19-12501 (CCC) |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**CECCHI, District Judge**

Before the Court are *pro se* petitioner Hakim Thomas's motions to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (ECF Nos. 1, 7, 13).[1] In 2015, Thomas pleaded guilty to drug-related offenses. In 2017, he was sentenced to 108 months' imprisonment. Thomas asserts violations of his Sixth Amendment right to effective assistance of counsel at sentencing. Specifically, he alleges counsel: (1) failed to object to the sentencing court's insufficient consideration, or improper weighing, of the 18 U.S.C. § 3553(a) sentencing factors, and (2) failed to call the sentencing court's attention to two co-defendants who purportedly committed similar

---

[1] The Court entered the following order on May 13, 2019: "within forty-five (45) days of the date of this Order, Petitioner shall either notify the Court in writing that he intends to have his pending section 2255 Motion considered as his all-inclusive section 2255 motion, or submit an amended section 2255 motion, which includes all available federal claims; the Clerk of the Court shall send a copy of this Memorandum Order to Petitioner at the address on file." ECF No. 4. In response to this order, Petitioner submitted a motion to vacate, set aside, or correct his sentence pursuant to section 2255 (ECF No. 7), and what has been docketed as a "motion to amend" (ECF No. 13). Upon review, Petitioner's "motion to amend" advances substantive arguments advocating for a change to his sentence and does not appear to seek leave to amend. Accordingly, the Court considers Petitioner's "motion to amend" as a second motion to vacate, set aside, or correct his sentence pursuant to section 2255. The Court has considered both these submissions (ECF Nos. 7, 13), as well as his originally filed motion (ECF No. 1).

offenses but were sentenced to shorter terms of imprisonment. Thomas argues that these failures caused the sentencing judge, the Honorable William H. Walls, to commit procedural sentencing errors, resulting in a substantively unreasonable sentence. Thomas's additional motion to vacate his sentence reiterates these arguments and includes additional detail regarding, *inter alia*, the timeliness of his section 2255 motion. ECF No. 13.

For the following reasons, Thomas's section 2255 motions (ECF Nos. 1, 7, 13) are denied, and Thomas is denied a certificate of appealability.

**I.       Factual Background and Procedural History**

**A.  The Underlying Criminal Case**

In May 2015, the Government filed a criminal complaint charging Thomas with possession and distribution of heroin. *See* No. 16-cr-456 (D.N.J.) (ECF No. 1). He was arrested in August 2015 (*id.* at ECF Entry dated 8/28/15), and in October 2015, he waived indictment and pleaded guilty pursuant to a plea agreement to a one-count information charging him with knowingly possessing and distributing a substance containing a cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *Id.* at ECF Nos. 17 (Information); 18 (Waiver of Indictment); 19 (Guilty Plea); 21 (Plea Agreement); *see also* A18.[2] Thomas stipulated in his plea agreement that he had two previous state court convictions for controlled-substance distribution and second-degree robbery, but reserved the right to argue at sentencing that these convictions did not qualify him as a career offender under U.S.S.G. § 4B1.1. A25.

---

[2] References to "A" in this Opinion are to the appendix filed in Thomas's appeal of the underlying criminal matter to the United States Court of Appeals for the Third Circuit (Case No. 17-1792), which is attached as Exhibit 2 to the Government's letter brief in response to Thomas's § 2255 motion. *See* ECF No. 17, Ex. 2 (Exhibit 2 includes the district court docket, Thomas's plea agreement, the sentencing transcript, the Government's sentencing memorandum, and defense counsel's sentencing memorandum).

The Presentence Report (ECF No. 17-1 ("PSR")) noted that Thomas qualified as a career offender due to his felony convictions. PSR at ¶¶ 33–34. This designation increased Thomas's criminal history category from III to VI and increased his base offense level from 12 to 32. *Id.* at ¶¶ 34, 43–44. Taken together with a downward adjustment for acceptance of responsibility, which resulted in a total offense level of 29, Thomas's criminal history score yielded an advisory Sentencing Guidelines range of 151 to 188 months' imprisonment. PSR at ¶¶ 35–37, 78.

Thomas and the Government submitted memoranda prior to sentencing. A82–87 ("Thomas Sentencing Br."), A88–100 ("Gov't Sentencing Br."). Thomas objected to a career offender enhancement, arguing that it substantially overrepresented his criminal history and the likelihood of his recidivism because he was eighteen at the time of his robbery conviction and did not serve prison time in connection with his past drug conviction. A82–83. Alternatively, Thomas argued that, even if he did qualify as a career offender, a sentence between 10 and 16 months—the Guidelines range he would have faced but for the career offender designation—was warranted to ensure a sentence not greater than necessary to satisfy the statutory directives set forth in 18 U.S.C. § 3553. A84–87. Such a term, he argued, was "more than adequate to provide deterrence for [Thomas] and others similarly situated." A86. The Government opposed and asked for a sentence within the PSR's calculated Guidelines range of 151 to 188 months. A88.

At Thomas's sentencing on March 29, 2017, the Court adopted the PSR's recommendations, including its determination that Thomas qualified as a career offender. A49–50, A77. The court then "depart[ed]" downward from Thomas's original offense level of 29 to an

offense level of 24, and imposed a below-Guidelines sentence of 108 months' imprisonment followed by a three-year term of supervised release.[3] *Id.* at A77–78.

### B. Third Circuit Appeal

On direct appeal, Thomas argued that the sentencing court procedurally erred by treating the Sentencing Guidelines as mandatory and failing to adequately explain its rationale for imposing the 108-month sentence. *See United States v. Thomas*, 723 F. App'x 114, 115 (3d Cir. 2018). Thomas also argued that the procedural errors led to a substantively unreasonable sentence. *Id.*

The Third Circuit rejected these arguments finding no support for Thomas's assertion that the sentencing court erroneously treated the Guidelines as mandatory. *Id.* at 117–18. The Court stated:

> . . . Thomas maintains that the District Court "seemed to ignore that the [G]uidelines are advisory, not mandatory," and accordingly felt "obligated" to find that Thomas was a career offender on account of his two prior felony offenses. The record belies Thomas's assertion.
>
> "A district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *United States v. Wise*, 515 F.3d 207, 216 (3d Cir. 2008). Here, the District Court did just that, stating at the very beginning of the sentencing hearing that it was "prepared to adopt" the PSR's Guidelines calculations, *i.e.*, that Thomas had a net base offense level of 29 and criminal history category of VI. The District Court then engaged in lengthy colloquies with defense counsel and Thomas himself about Thomas's criminal history and personal background. Following these discussions, the District Court noted that, although Thomas "is to be considered a career offender" under the Guidelines, it was "concern[ed]" whether Thomas's sentence "should be more appropriately modified" due to "the nature of the crimes which formed [Thomas's criminal] history."

---

[3] Thomas was released from prison on June 8, 2022, and is serving his three-year term of supervised release. *See* BOP Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited Oct. 3, 2022). Thomas's motion is not moot, however, because being subject to supervision renders Thomas "'a prisoner in custody' within the meaning of § 2255." *United States v. Essig*, 10 F.3d 968, 970 n.3 (3d Cir. 1993), *abrogated on other grounds by* L.A.R. 31.3. The docket reflects that, while Thomas did advise the Court of his release date, *see* ECF No. 16, he has not provided the Court with a current address, in violation of Local Rule 10.1. The Clerk of the Court will be directed to contact the Court's Probation Office to determine Thomas's current address.

> It is evident that the District Court did not view Thomas's career offender designation as a categorical barrier to imposing a lesser sentence; to the contrary, the District Court appropriately calculated the applicable Guidelines range and then imposed a sentence of 108 months' imprisonment, a term well below the recommended Guidelines range. Thomas's first challenge accordingly fails.

*Thomas*, 723 F. App'x at 117 (internal citations omitted).

The Third Circuit also rejected Thomas's argument that the sentencing court did not explain the basis for its sentence, finding the court appropriately considered the section 3553(a) factors. The Court explained:

> . . . While "there is no 'uniform threshold' for determining whether a court has supplied a sufficient explanation for its sentence[,]" *Merced*, 603 F.3d at 215 (quoting *Tomko*, 562 F.3d at 567), the sentencing court must nevertheless "'set forth enough [information] to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.' " *Id*. at 215–16.
>
> Here, the District Court noted at sentencing that it was "well aware of the requirements of § 3553, which [it would] consider." The District Court then proceeded to engage in a lengthy discussion with Thomas about his family, criminal history, employment, education, and the seriousness of the offense for which he was charged. At the conclusion of this colloquy, the District Court made clear that it had "spent substantial time listening" to Thomas's concerns and would impose a sentence reflecting Thomas's age at the time his prior offenses were committed, his "family background," his "association with known criminals," the fact that he has "more life ahead" of him," his "right to prove himself," and the Court's belief that "society requires [Thomas's] type of criminal history . . .[to] be punished . . . ." In light of this thoughtful discussion, we are confident that the District Court gave appropriate consideration to the § 3553(a) factors. We therefore reject Thomas's objections to the "procedural reasonableness" of his sentence.

*Thomas*, 723 F. App'x at 118.

The Third Circuit also rejected Thomas's argument that the sentence imposed was substantively unreasonable. It stated:

> Thomas . . . contends that his 108-month sentence is substantively unreasonable because the District Court "simply engaged in an arbitrary process of selecting a sentence" that was "significantly greater than necessary in light of the underlying conduct to which he pled guilty . . . ." Appellant's Br. 14. We find this argument to lack merit as well.

5

> In determining whether a sentence is substantively reasonable, we must "ascertain whether [the § 3553] factors were reasonably applied to the circumstances of the case." *Cooper*, 437 F.3d at 330. Because we accord great deference to the District Court's sentencing determination, "we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568.
>
> Thomas's argument on this point is largely predicated on his contention that the District Court committed procedural error at sentencing. Again, we disagree with Thomas's assertion that the District Court did not meaningfully consider the § 3553(a) factors. The District Court expressed its view that the Government's recidivism concerns were "a little much," and indicated its intent to "fashion a sentence that is more appropriate to [the Court's] view of [Thomas's] life." (App. 73–74.) Based upon our review of the record, we conclude that the District Court's sentence was "'premised upon appropriate and judicious consideration of the relevant factors.'" *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007) (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006)). Thomas's sentence was therefore substantively reasonable.

*Thomas*, 723 F. App'x at 118.

### C. The Section 2255 Motions

Thomas filed his section 2255 motion on May 1, 2019. ECF No. 1. On January 28, 2020, the Court entered an order allowing Thomas to withdraw his original section 2255 motion (which had been filed on the wrong form) and file an amended section 2255 motion. ECF No. 4. Thereafter, on June 15, 2020, Thomas filed an amended section 2255 motion, arguing that due to ineffective assistance of counsel, he received a substantively unreasonable sentence. ECF No. 7. In essence, Thomas claimed that his sentence was substantively unreasonable because similarly situated defendants received shorter sentences. *Id*.[4]

In response, the Government argues that: (1) the Third Circuit already considered and rejected many of Thomas's arguments; and (2) Thomas's ineffective-assistance claims are

---

[4] In his original section 2255 motion, Thomas argued that his counsel was ineffective for failing to object to the sentencing court's alleged racial bias in sentencing Thomas to a "more severe sentence" because Thomas was "black distributing drugs to blacks, members of his own race and the race of the judge." ECF No. 1 at 15. Thomas did not include this claim in his subsequent

6

meritless because, *inter alia*, Thomas's counsel briefed and argued the section 3553 factors and addressed many of them at the sentencing hearing. ECF No. 11 at 3–4, 6–8, 10.

Thomas responded to the Government's opposition with a motion brought "under both 28 U.S.C. [§] 2255 and 18 U.S.C. [§] 3582(c)(2)"[5] (ECF No. 13 at 1) that responds to the arguments set forth in the Government's opposition brief. ECF No. 13 at 2–3.[6]

For the reasons set forth below, Thomas's motions to vacate his sentence (ECF Nos. 1, 7, 13) are denied.

---

petitions and thus appears to have abandoned it. *See* ECF Nos. 7, 13. In any event, the claim is without merit. The transcript makes clear that Judge Walls made the comments in the context of emphasizing the seriousness of Thomas's crimes and the consequences that society has suffered due to drug-related crimes. Indeed, the sentencing judge expressly noted the impact of such crimes on people of all races. *See* A54 ("Do you realize how many of our own race have been killed and died because of drug use? Do you realize how many other people of other races have died and been killed and have been injured? Do you realize how many people have been made widows or widowers or without parents because of drug use . . . ?"). Accordingly, to the extent Petitioner has preserved this argument, it is insufficient to warrant relief under section 2255.

[5] Under 18 U.S.C. § 3582(c)(2), "[a] criminal may move for modification of his sentence if a sentencing range has subsequently been lowered by the Sentencing Commission." *United States v. Padilla*, 190 F. App'x 119, 122 (3d Cir. 2006). Thomas does not argue that the Sentencing Commission has lowered the sentencing range applicable to him, and in fact does not discuss section 3582(c)(2) in his submission at all. Accordingly, he has waived this argument by failing to brief it. *See Spencer v. Warden Allenwood USP*, 759 F. App'x 112, 116 (3d Cir. 2019) (where a party has not addressed an argument in his briefing, "[it] is abandoned and waived"); *Reynolds v. Wagner,* 128 F.3d 166, 178 (3d Cir. 1997) ("an argument consisting of no more than a conclusory assertion . . . will be deemed waived"); *Commonwealth of Pa. v. HHS,* 101 F.3d 939, 945 (3d Cir.1996) (arguments mentioned in passing, but not squarely argued, will be deemed waived). Even if the Court were to consider such an argument, it would appear to be without merit, because Thomas was convicted of violating 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), which are not covered offenses under 18 U.S.C. § 3582(c)(2). *See United States v. Birt*, 966 F.3d 257, 263 (3d Cir. 2020) ("The only question that remains is whether § 841(b)(1)(C) was modified by the Fair Sentencing Act and thus, in conjunction with § 841(a)(1), qualifies as a 'covered offense' under the First Step Act. The answer is it was not modified and so does not qualify.").

[6] The Government had also argued that Thomas's motion was untimely, but, after receiving Thomas's additional submission (which included arguments relevant to timeliness) (ECF No. 11 at 2–3), the Government withdrew its timeliness argument, conceding that it had miscalculated the relevant deadline (ECF No. 14 at 1).

## II. Discussion

### A. Legal Standards Applicable to Section 2255 Motions

A prisoner in federal custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon three grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" or (3) "that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

A criminal defendant bears the burden of establishing entitlement to section 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982); *see also United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) ("a motion pursuant to 28 U.S.C. § 2255 is reviewed much less favorably than a direct appeal of the sentence."). In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted). "It is the policy of the courts to give a liberal construction to *pro se* habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citation omitted). The Court may dismiss the motion without holding an evidentiary hearing if the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11-4646, 2013 WL 4538293, at *9 (D.N.J. Aug. 26, 2013) (citing *Booth*, 432 F.3d at 545–46).

### B. Ineffective Assistance of Counsel

#### 1. Applicable Law

To sustain a claim of ineffective assistance of counsel, Thomas must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. A court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"; thus, the court's scrutiny of counsel's performance "must be highly deferential." *Id.* at 689.

Second, a petitioner "must show that the deficient performance prejudiced the defense," (*id.* at 687), by demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (*Id.* at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding," as "[v]irtually every act or omission of counsel would meet that test." *Id.* at 693. "In the context of sentencing, prejudice requires a reasonable probability that, but for counsel's error, the result of the sentencing proceeding would have been different." *Grippo v. United States*, No. 14-4577, 2016 WL 7223316, at *5 (D.N.J. Dec. 12, 2016) (quoting *United States v. Polk*, 577 F.3d 515, 520 (3d Cir. 2009)).

Both prongs must be established for a valid claim; however, "[a] court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." *Strickland*, 466 U.S. at 668.

**2. Analysis**

Thomas alleges his counsel provided constitutionally deficient representation by: (1) failing to object to the sentencing court's alleged insufficient consideration of the 18 U.S.C. § 3553(a) sentencing factors;[7] and (2) failing to raise factor (a)(6), which requires the sentencing

---

[7] 18 U.S.C. § 3553(a) sets forth the following factors a sentencing court must consider in fulfilling its obligation to "impose a sentence sufficient, but not greater than necessary":

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
> (5) any pertinent policy statement--
> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

10

court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Thomas argues these alleged failures resulted in the sentencing judge imposing a sentence that was longer than the sentences of two alleged co-defendants, which, in turn, caused a sentencing disparity amounting to a substantively unreasonable sentence.[8] The Court addresses each argument in turn.

    a. <u>Counsel's Purported Failure to Object to Sentencing Court's Allegedly Insufficient Consideration of § 3553(a) Factors</u>

Thomas first alleges: (1) "counsel at the time of sentencing made an effort to mention 3553 but was cut short by the court" and "failed to revisit [the] Section 3553 argument," (ECF No. 7 at 5); (2) counsel "was ineffective for not objecting to the nonuse of the 18 USC 3553 factors but merely mentioning them," (ECF No. 7-1 at 2); (3) "counsel was ineffective when the court refused to consider the 3553 factors," (ECF No. 7-1 at 2); and (4) "[w]ith the excess weight placed on two of the 3553(a) factors (the nature of the circumstance and offen[s]e and the history and characteristics of the defendant as well as the kinds of sentence and the sentencing range established for)[,] counsel was ineffective by not objecting to the [sentencing court] not considering and balancing out the 3553 factors" (ECF No. 7-1 at 5).

At the outset, Thomas's argument that his counsel was ineffective for failing to object to the district court's alleged insufficient consideration of the section 3553(a) factors would require this Court to revisit an issue—whether the sentencing court properly considered the section

---

*Id.* § 3553(a).

[8] Thomas also appears to have abandoned his claim in his original motion that his counsel was ineffective for failing to object to the sentencing court's career offender classification. ECF No. 1 at 14. Nevertheless, this claim, if not abandoned, also fails. Thomas's counsel argued vigorously throughout the sentencing hearing that Thomas should not be sentenced as a career offender. The sentencing judge made clear, however, that Thomas "is a career offender by the law." A50. Accordingly, this claim is also without merit.

11

3553(a) factors—that has already been determined. As explained above, the Third Circuit already found that the sentencing court sufficiently considered the section 3553(a) sentencing factors. *See Thomas*, 723 F. App'x at 118 ("we are confident that the District Court gave appropriate consideration to the § 3553(a) factors"; "we disagree with Thomas's assertion that the District Court did not meaningfully consider the § 3553(a) factors"; "we conclude that the District Court's sentence was premised upon appropriate and judicious consideration of the relevant factors" (quotations and citations omitted)). Thomas is not permitted to relitigate this issue as "cases have held that Section 2255 generally may not be employed to relitigate questions which were raised and considered on direct appeal." *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993); *see Sonneberg v. United States*, No. 01-2067, 2003 WL 1798982 (3d Cir. Apr. 4, 2003) ("It is well settled that a petitioner generally may not relitigate issues that were decided adversely to him on direct appeal by means of a Section 2255 petition."); *Jackson v. United States*, No. 11-3392, 2011 WL 4343690, at *3 (D.N.J. Sept. 14, 2011) ("A section 2255 motion is not a substitute for appeal, nor may it be used to relitigate matters decided adversely on appeal."); *Amponsah v. United States*, No. 08-114, 2009 WL 900732, at *4 (D.N.J. Apr. 2, 2009) (refusing to consider alleged sentencing issue in § 2255 motion because Third Circuit had found on direct appeal that there was no sentencing error).

Nevertheless, even if the Court were to consider the argument, Thomas has not established prong one of *Strickland*, i.e., that his counsel's performance was deficient. *See* 466 U.S. at 688 (under prong one, petitioner must show that his counsel's representation "fell below an objective standard of reasonableness."). Thomas's counsel argued during sentencing that a career offender designation substantially over-represented the seriousness of Thomas's criminal history and the likelihood that Thomas would commit other crimes. A83. She urged the court to sentence Thomas

12

to what the guidelines range would have been without the career offender designation, arguing that such a sentence was justified and would be sufficient, but not greater than necessary, to satisfy the purposes of sentencing. A87.

Specifically, counsel's sentencing memorandum provided the sentencing court with mitigating factors and personal characteristics about Thomas, including his lack of juvenile record; his completion of high school and post-high school education; difficulties arising from his mother's death; his sister's health challenges; the absence of a relationship with his biological father; the death of a stabilizing father figure; his work history; the circumstances of Thomas's four prior convictions; his significant family support; his close contact with his three children; his post-confinement reassessment of his lifestyle choices; his expression of remorse and willingness to live a law-abiding life; and his acceptance of responsibility. A84–85.

Moreover, Thomas's counsel argued that the sentencing range with a career offender designation, 151 to 188 months, was significantly greater than necessary to satisfy the purposes of sentencing; she instead urged the court to sentence him to 10 to 16 months—the guidelines range if Thomas were not designated a career offender—which, she argued, was "more than adequate to provide deterrence for Thomas and others similarly situated." A85–86.

Finally, at the sentencing hearing, Thomas's counsel objected to the PSR (A30–33); repeated her arguments that the prior convictions overstated Thomas's criminal history (A30–39); reiterated the mitigating factors she presented in her sentencing brief (A40-43, A46–48); and continued to urge the court to vary from the guidelines range based upon the nature of Thomas's criminal history (A43–48, A44 ("the kind of sentence that the career offender guideline level imposes on Mr. Thomas is [not] a reasonable sentence for the underlying offense"), A49–50 ("We are imploring your Honor to impose a much less significant sentence"; "Under Section 3553 your

13

Honor has an obligation to impose a sentence that is adequate . . . but not more than necessary.")). The sentencing judge ultimately rejected counsel's argument, but the court's disagreement with counsel's arguments is not evidence that counsel's performance was deficient; to the contrary, the record reflects that counsel ably represented Thomas at sentencing within the bounds of her professional obligations, and succeeded to some degree, as evidenced by the below-Guidelines sentence, which was also less than what the Government sought.

In sum, on this record, the Court finds no basis for holding that defense counsel's performance was objectively unreasonable. Thomas's claim that his counsel was ineffective for failing to object to the sentencing court's insufficient consideration of the 18 U.S.C. § 3553(a) sentencing factors is without merit.

      b.  <u>Sentencing Disparities</u>

Thomas's second argument, which is really derivative of his first argument, is that his counsel was ineffective for failing to raise sentencing disparities among allegedly similarly situated defendants. Specifically, he claims that he had two co-defendants, Sharod Brown and Brian Mitchell, who "had career offender status [and] received lower sentences" of 65 and 70 months,[9] respectively, in comparison to Thomas's sentence of 108 months. ECF No. 7 at 6; ECF No. 7-1 at 1–3; ECF No. 13 at 1–2. Thomas states that he informed his counsel "of both Brown and Mitchell also being classified as career offenders and . . . initially being charged with the same

---

[9] Mitchell's sentence was in fact 72 months followed by three years of supervised released with special conditions. Crim. No. 16-00206 (SDW) ECF No. 23 at 18.

14

crime," ECF No. 13 at 4, but counsel "failed to be specific in using the 3553(a)(6) factor even after [Thomas] shared what seems like vital information towards his case." ECF No. 13 at 4.

In response, the Government argues Thomas's counsel's alleged failure to specifically raise factor (a)(6) does not amount to ineffective assistance because "defense counsel are not required to raise each and every Section 3553 factor . . . to be effective." ECF No. 11 at 7. The Government further asserts that Thomas did not have co-defendants; Brown and Mitchell were charged in separate complaints and sentenced by different judges; further, Mitchell was sentenced on July 19, 2017, after Thomas, thus counsel could not possibly have drawn the sentencing court's attention to Mitchell's sentence. ECF No. 11 at 7 (citing Crim. No. 15-00461 (ES), ECF No. 68 (Brown) and Crim. No. 16-00206 (SDW) ECF No. 21 (Mitchell)).

The Government further argues that even if the Court were to find that defense counsel was ineffective by failing to raise certain section 3553 factors, Thomas cannot show prejudice because the Third Circuit found the sentencing court sufficiently considered the section 3553 factors in determining the sentence. ECF No. 11 at 7.

The Court rejects Thomas' argument that his counsel was ineffective for failing to raise the issue of sentencing disparity and failing to call the sentencing court's attention to the sentences of Brown and Mitchell. Thomas alleges no facts establishing that any disparity between his sentence and the sentences of other allegedly similarly situated defendants was a result of ineffective counsel. Indeed, Thomas has failed to establish that Brown and Mitchell were similarly situated.

First, as the Government notes, Thomas's counsel could not have called the sentencing court's attention to Mitchell's sentence. Mitchell was not sentenced until July 19, 2017, nearly four months after Thomas was sentenced. Crim. No. 16-00206 (SDW) ECF No. 23.

15

Second, Thomas's contention that Brown and Mitchell were similarly situated to him is conclusory. Thomas makes no reference to pertinent sentencing characteristics outside of Brown's and Mitchell's crimes and career offender designations. Among other differences, Brown's sentencing transcript reveals that, unlike Thomas, who had, among other prior felonies, a prior robbery conviction (which is a crime of violence under USSG § 4B1.2), Brown "ha[d] no violence in his prior criminal history." Crim. No. 15-00461 (ES), ECF No. 70 at 6; *see also* A45 (sentencing judge noting that Thomas was before the court on his fifth felony and "all of them have been involved with either drugs or acts of violence"). Further, pointing to one defendant who had committed a somewhat similar offense and received a lower sentence is insufficient to establish ineffective assistance based on failure to point out sentencing disparities. *See, e.g.*, *United States v. Jimenez,* 513 F.3d 62, 91 (3d Cir. 2008) ("That [defendant] can find another case where a defendant charged with a somewhat similar crime and facing the same advisory sentencing range received a sentence outside of the applicable sentencing range does not make [defendant's] within-Guidelines sentence unreasonable. If that were the law, any sentence outside of the Guidelines range would set precedent for all future similarly convicted defendants. This is not, and cannot be, the law.").

Third, Brown and Mitchell were not Thomas's co-defendants. *See* PSR at ¶ 3 ("There are no codefendants in this case."). However, even if they were, Thomas has no absolute right to receive the same sentence that they did. *See United States v. Parker*, 462 F.3d 273, 276–77 (3d Cir. 2006) ("a criminal defendant has no constitutional right to be given a sentence equal in duration to that of his or her co-defendants") (quotations and citations omitted); *Id.* at 277–78 ("[Section] 3553(a) does not require district courts to consider sentencing disparity among co-defendants."); *United States v. Hart*, 273 F.3d 363, 379 (3d Cir. 2001) ("disparity of sentence

between co-defendants does not of itself show an abuse of discretion") (quotations and citation omitted).

Fourth, Thomas's below-guidelines sentence cuts against his argument that he was subjected to a sentencing disparity. This is particularly true because a within-guidelines sentence carries a presumption of uniformity in sentencing. *See United States v. Okpako*, No. 21-3232, 2022 WL 3098668, at *2 n.6 (3d Cir. Aug. 4, 2022) (("By imposing a within-Guidelines sentence, the District Court here 'necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.'") (quoting *Gall v. United States*, 552 U.S. 38, 54 (2007))); *United States v. Kluger*, 722 F.3d 549, 568–69 (3d Cir. 2013) (("within-guidelines sentences . . . generally do not lead to disparities requiring that a defendant be granted relief because 'avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges'") (quoting *Gall,* 552 U.S. at 54)). Accordingly, for these reasons as well, the Court finds no basis for holding that Thomas' counsel's performance was objectively unreasonable.

Even assuming, however, that defense counsel's performance was objectively unreasonable, Thomas has failed to satisfy prong two of *Strickland*, because there is no reasonable probability that Thomas's sentence would have been different. Thomas essentially argues that but for counsel's performance, his sentence would have been shorter. This blanket assertion is insufficient to establish prejudice. As the Third Circuit found, the sentencing court considered the appropriate statutory criteria in determining the below-Guidelines sentence. Nothing in the record suggests a reasonable probability that the district court would have imposed a different sentence if counsel had emphasized different section 3553(a) factors.

    c.  <u>Substantive Unreasonableness</u>

Finally, to the extent Thomas makes a separate claim based on substantive unreasonableness, this claim also fails. The Third Circuit rejected Thomas's argument that his sentence was substantively unreasonable. *See Thomas*, 723 F. App'x at 118 ("Based upon our review of the record, we conclude that the District Court's sentence was premised upon appropriate and judicious consideration of the relevant factors. Thomas's sentence was therefore substantively reasonable.") (quotations and citations omitted). As with the claims discussed above, Thomas may not now relitigate this issue on collateral review. *See United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) ("As a general practice, issues resolved in a prior direct appeal will not be reviewed again by way of a § 2255 motion.") (citations and quotations omitted); *Gov't of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074–75 (3d Cir. 1985) (2255 petition may not "be used to relitigate matters decided adversely on appeal.") (citation omitted).

### C. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255 unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). Thomas has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court declines to issue a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

### III. Conclusion

For the reasons stated above, Thomas's motions to vacate sentence (ECF No. 1, 7, 13) are denied. Thomas is also denied a certificate of appealability. As the record demonstrates that Thomas is not entitled to relief, an evidentiary hearing is not necessary.

An appropriate order follows.

DATED: September 30, 2022

s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**